IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CRYSTAL G. FARRILL,            )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-10-167-KEW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## OPINION AND ORDER

Plaintiff Crystal G. Farrill (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 27, 1964 and was 45 years old at the time of the ALJ's decision. Claimant obtained her GED and completed a little over a year of college. Claimant worked in the past as a waitress, cashier, dishwasher, housekeeper at a nursing home and motel. Claimant alleges an inability to work beginning

December 31, 2002 due to limitations arising from back pain, anxiety, panic attacks, degenerative disc disease, and depression.

## Procedural History

On February 8, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 24, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On March 2, 2009, the ALJ issued an unfavorable decision on Claimant's application. On March 12, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a waitress and housekeeper.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in failing to: (1) include all of Claimant's impairments at step four; and (2) engage in a proper credibility evaluation.

**Step Four Analysis**

Claimant contends the ALJ failed to include all of her impairments in the hypothetical questions posed to the vocational expert ("VE") at the hearing. Specifically, Claimant asserts the ALJ did not include any mental impairments in the questioning. This argument has no merit because reliance upon the testimony of a VE has no bearing upon a step four finding. Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994).

Claimant then skirts this argument in the reply and states the mental impairments should have been included in his RFC assessment. In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the shoulder, and obesity. (Tr. 12). The ALJ evaluated Claimant's assertion of a mental impairment. He concluded Claimant's depression did not cause more than minimal limitation in Claimant's ability to perform basic mental work activities and was, therefore, not severe. The ALJ found no records of hospitalizations, counseling, or psychiatric care.

Claimant did not allege difficulties with concentration, coherency, or understanding with her physicians.

The ALJ also evaluated Claimant's mental condition under Listing 12.00C, generally, and the "paragraph B" criteria, specifically. He found mild restrictions of activities of daily living, no difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation. (Tr. 12-13).

The medical evidence on Claimant's alleged mental condition is sparse. Claimant's treating physician, Dr. Ricardo E. Castellon, diagnosed Claimant at various times with Major Depression, NOS and Depression with Anxiety. (Tr. 187-88). Dr. Castellon, however, found on July 10, 2008 that Claimant's depression had seen some improvement as she was less sad and with more energy. He found Claimant had "no mood swings. no anxiety. no suicidal ideations." (Tr. 194).

Additionally, On May 2, 2007, a Psychiatric Review Technique form was completed on Claimant by Dr. Sally Varghese. She determined Claimant had no medically determinable impairment resulting from a mental condition. She found no functional limitations as a result of Claimant's mental state. (Tr. 159-72). Dr. Varghese noted Claimant had no history of mental health hospitalizations, made no mental allegations in her disability

filings, takes no medications for any type of mental disorder, has a history of depression, but has normal activities of daily living. (Tr. 171). The ALJ clearly considered Claimant's mental condition, made the appropriate analysis, and concluded Claimant suffered from no mental impairment. This conclusion is supported by substantial evidence.

Claimant also contends the ALJ should have included limitations for reaching in the RFC and questioning of the VE. Again, the questions posed to the VE are of no moment since this case was decided at step four. As for including a limitation on Claimant's reaching in her RFC, Claimant bases this contention in the ALJ's finding that Claimant suffered from degenerative joint disease of the shoulder and presupposes such a finding necessarily requires a finding of a restriction on reaching.

The ALJ acknowledged Claimant's testimony that she had problems grasping and lifting. (Tr. 13-14). The medical record, however, does not support any further limitation. On April 14, 2007, Claimant was evaluated by Dr. Ravinder R. Kurella. Dr. Kurella noted Claimant's report of bilateral shoulder pain and forearm pain. (Tr. 151). He concluded Claimant had full range of motion of her bilateral hip joints, knee and ankle joints, as well as her shoulder and elbow joints. (Tr. 153). The medical record does not support a limitation on Claimant's reaching and,

therefore, the ALJ did not err by failing to include such a limitation in Claimant's RFC.

### Credibility Determination

Claimant also challenges the ALJ's credibility findings. The ALJ determined that Claimant's testimony of restrictions in her activities of daily living were not supported by the medical record given that no treating physician placed any functional limitations upon Claimant, her activities could not be objectively verified, and the fact Claimant's work history indicated she worked only sporadically prior to her onset date. (Tr. 14-16).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain

or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

This Court is persuaded that the ALJ performed an adequate evaluation of Claimant's testimony in light of the objective medical record.  Claimant's testimony of considerable limitation in her activities is simply not supported by record and the medical professionals most familiar with Claimant's condition.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 23rd day of September, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE