**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

CRYSTAL FARRILL, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-10-167-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #32); Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #35); and Plaintiff's Second Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #38). By Order and Opinion entered September 23, 2011, this Court affirmed the decision of the Commissioner to deny Plaintiff's application for supplemental security income under Title XVI of the Social Security Act. By its decision entered June 28, 2012, the Tenth Circuit Court of Appeals reversed this Court's decision, finding the Administrative Law Judge ("ALJ") failed to include any mental limitations in his RFC findings despite determining at step two of the sequential evaluation that Plaintiff's depression was a medically determinable impairment resulting in mild functional limitations. Additionally, the Tenth Circuit found the ALJ filed to make inquiry into the mental demands of Plaintiff's past relevant work at step four, despite finding Plaintiff could perform

that work.

In the original Motion, Plaintiff seeks attorney's fees for 55.80 hours of time expended by her attorney at the stipulated fee rate for a total request of $9,948.60 under the authority of the Equal Access to Justice Act ("EAJA"). Because Plaintiff filed a reply to the first Motion, she filed a supplemental fee motion seeking an additional $1,232.80 for 6.70 hours expended in preparing the reply. Again, Plaintiff filed a reply to the response to the supplemental Motion prompting the filing of the Second Supplemental Motion for Attorney Fees seeking an additional $956.80 for 5.20 hours required to prepare the reply.

The Commissioner contests the award of EAJA fees, contending (1) her position in the underlying case was substantially justified; (2) the fees claimed by Plaintiff's attorney are unreasonable; and (3) any fees that are awarded should be paid directly to Plaintiff rather than Plaintiff's counsel.

Section 2412(d)(1)(A) provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. <u>Hadden v. Bowen</u>, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. <u>Id</u>. To establish substantial justification, Defendant must show that there is a

genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987).

Clearly, Plaintiff constituted the prevailing party in accordance with this Court's decision. However, the Commissioner states reasonable minds could differ as to whether Plaintiff's mental impairments were of sufficient severity to constitute cause a functional limitation. While the issue of whether the mental impairment found by the ALJ was of sufficient severity to cause functional limitations might be subject to differing opinions, the fact he found such and impairment and did not discuss it in connection with Plaintiff's RFC was not substantially justified. Moreover, the ALJ's decision lacked the inquiry into the mental demands of her past relevant work required by the second phase of the analysis mandated at step four by Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). Thus, this deficiency also lacks substantial justification. Reasonable persons could not differ on this point. As a result, Plaintiff is entitled to a reasonable EAJA fee.

As for the reasonableness of the fee requested, the Commissioner notes that an entry for work on a reply from November 19, 2011 appears to mirror the same work done on November 15, 2010, requiring a reduction. Plaintiff offers the explanation that the 2010 fee was assessed in preparation of the briefing before the District Court while the 2011 fee was assessed in preparation of the briefing before the Tenth Circuit as a part of the appeal.

3

This explanation is sufficient to award the fee as requested by Plaintiff.

Plaintiff also seeks recovery for the preparation of a reply brief which she contends was necessitated by the content of the Commissioner's response. Because the Commissioner raised the justification for the position she took in the litigation, Plaintiff was required to respond to the arguments in a reply. A fee will be awarded for the preparation of this filing.

Plaintiff then seeks a fee for preparation of the reply to the supplemental request for EAJA fees. Since the Commissioner raised the "3 percent rule" limitation on EAJA fees for the first time, Plaintiff was required to respond to the Commissioner's responsive brief. On that argument, the Commissioner cites authority to limit Plaintiff to 3 percent of the hours expended in representation in the main case for briefing the issues on attorney's fees. This authority arises from the Sixth Circuit and the Tenth Circuit which binds this Court has not arrived at a similarly restrictive standard. *See*, Coulter v. Tennessee, 805 F.2d 146, 151 (6th Cir. 1986). This Court declines to adopt such a standard for fee applications filed in this District but instead adopts the more flexible standard recognized by this Circuit of "reasonableness." *See* Frazier v. Apfel, 240 F.3d 1284, 1286 (10th Cir. 2001). Based upon the arguments made in the Commissioner's various responses, it was not unreasonable for Plaintiff to file a reply addressing the new issues raised by the Commissioner. The time expended in the preparation of these replies was reasonable as is the fee

requested.

At various points, Plaintiff requests that the fee award be made to Plaintiff's counsel or to Plaintiff "c/o" her counsel. The Tenth Circuit Court of Appeals makes it clear that the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel or jointly to Plaintiff and Plaintiff's counsel. Manning v. Astrue, 2007 WL 4443228, 4 (10th Cir. (Okla.)); 28 U.S.C. § 2412(b). As a result, the payment shall be made to Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #32); Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #35); and Plaintiff's Second Supplemental Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Docket Entry #38) are **GRANTED** and that the Government be ordered to pay Plaintiff's attorney's fees in the total amount of $12,138.20, with payment being made to Plaintiff.

IT IS SO ORDERED this 14th day of April, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE